# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2025

Lyle W. Cayce
Clerk

No. 24-50230

Julio Regalado, D.C.,

*Plaintiff—Appellant*,

*versus*

ExamWorks, L.L.C.,

*Defendant—Appellee*,

consolidated with

No. 24-50241

Donnel R. Steuerwald,

*Plaintiff—Appellant*,

*versus*

ExamWorks, L.L.C.,

*Defendant—Appellee*,

consolidated with

No. 24-50264

———————————

STEVEN MOORE, D.C.,

*Plaintiff—Appellant*,

*versus*

EXAMWORKS, L.L.C.,

*Defendant—Appellee.*

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 1:23-CV-402, 1:23-CV-215,
1:23-CV-511

———————————————————————

Before ELROD, *Chief Judge*, and JONES and STEWART, *Circuit Judges*.

PER CURIAM:[*]

Julio Regalado, Donnel R. Steuerwald, and Steven Moore (the "Consolidated Plaintiffs") are all chiropractors who seek compensation from ExamWorks, L.L.C. ("ExamWorks"), a medical billing and scheduling provider. The Consolidated Plaintiffs allege that ExamWorks overbilled their patients' insurers for their services.

The Consolidated Plaintiffs each filed separate suits against ExamWorks. They brought claims for breach of contract, breach of fiduciary duty, constructive fraud, and declaratory judgment. In part, they pleaded injury from ExamWorks's failure to give them half of its allegedly ill-gotten gains on top of the payments that they have already received for administering medical examinations. They also alleged that ExamWorks's

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

conduct exposes them to a risk of professional discipline and criminal liability. They concede, however, that no such disciplinary actions or liability have occurred or are imminent.

The district court granted ExamWorks's motions to dismiss for lack of standing. The Consolidated Plaintiffs then each filed a "Motion for New Trial," which the district court construed as Motions to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). Noting that the Consolidated Plaintiffs' motions failed to introduce any novel legal arguments or newly discovered evidence, the district court denied them. The Consolidated Plaintiffs timely appealed each of their cases individually.

In a companion case, a fourth chiropractor named Tyanna Dodson brought the same claims, which the district court dismissed on the same grounds as here. On appeal, we affirmed the district court on the basis that Dodson had neither pleaded sufficient injury for Article III standing, nor presented any ground for reversal on its Rule 59(e) motion. *See Dodson v. ExamWorks, LLC*, No. 24-50248, 2025 WL 655055 (5th Cir. Feb. 28, 2025).

Here, the Consolidated Plaintiffs' appeals present the same material issues as did Dodson's, and each chiropractor was represented by the same attorney as her. ExamWorks therefore moved to consolidate all four appeals into one case. Although we denied that motion and heard oral argument for *Dodson* separately, we did consolidate the three Consolidated Plaintiffs' appeals. We then held those cases in abeyance while we adjudicated Dodson's appeal. Once the mandate issued in *Dodson*, we removed the consolidated cases from abeyance and they are now before us.

For the reasons that we stated in *Dodson*, the Consolidated Plaintiffs have neither pleaded sufficient injury for Article III standing, nor presented any ground for reversal of the district court's ruling on the Rule 59(e)

3

motions. *See id.* at *2–4. Thus, we AFFIRM the district court's dismissals of these cases and its denial of their motions to alter or amend the judgment.